United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KULWINDER SINGH,

Petitioner,

v.

WARDEN/FACILITY ADMINISTRATOR, MESA VERDE ICE PROCESSING CENTER, *et al.*,

Respondents.

Case No. 1:26-cv-08827-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF Nos. 1, 3

Petitioner Kulwinder Singh is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for a temporary restraining order. ECF Nos. 1, 3. In his petition and motion, he alleges that his detention without notice or a pre-deprivation hearing violated his Fifth Amendment right to due process. *See* ECF No. 1 ¶¶ 46–53. For the reasons that follow, the petition is GRANTED, and Respondents are ordered to release petitioner.

## I. BACKGROUND

Petitioner alleges that he first entered the United States in September 2023 by crossing the Lukeville, Arizona border. *Id.* ¶ 21. Following his entry, he was arrested and briefly detained by immigration authorities. *Id.* Petitioner was then placed in removal proceedings and released on his own recognizance (i.e., conditional parole). *Id.* ¶¶ 21–23. He contends that he followed every condition of his release, including attending every ICE check-in, applying for asylum, attending a biometrics appointment, and reporting every time his moved residences to DHS—a contention which Respondents do not dispute. *Id.* ¶ 4.

Despite informing immigration authorities of his changing addresses, DHS continued sending mail to the wrong address. *Id.* ¶ 30. Most notably, DHS sent a notice setting Petitioner's

immigration court hearing for April 16, 2026. *Id.* When Petitioner did not attend the hearing (as he never received the notice), the immigration judge entered an *in absentia* order of removal. *Id.* ¶ 33.

Petitioner was contacted by ICE to report to the ICE office in Sacramento on October 13, 2026 for a check-in. *Id.* ¶ 32. He attended as instructed and was arrested by ICE. *Id.* ¶ 2. Petitioner learned about the *in absentia* removal order only after ICE arrested him. *Id.* ¶ 34. Four days later he was able to contact immigration counsel while in custody, who then filed a Motion to Reopen his removal proceedings and rescind his *in absentia* Order for lack of notice. *Id.* That motion remains pending with the immigration court.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Shortly after filing the petition and TRO, the Court informed the parties that it intended to rule on the petition and TRO together and set an expedited briefing schedule on the petition. *See* ECF No. 7. It also directed Respondents to address whether any provision of law or fact in this case would distinguish it from several cited prior cases where the Court found that noncitizens previously released by immigration authorities on their own recognizance possess a protected liberty interest in their continued freedom. *Id.* (citing *Avila v. Warde, Golden State Annex*, No.

United States District Court
Eastern District of California

1:26-CV-04274-NW, 2026 WL 2339411 (E.D. Cal. Aug. 12, 2026); *Kumar v. Becerra*, No. 1:26-CV-05926-NW, 2026 WL 2260112 (E.D. Cal. Aug. 4, 2026)). This Court, and many others, have found that due process requires the Government to provide these noncitizens with notice and a pre-deprivation hearing before summarily revoking that conditional release.

Respondents filed a timely response to the Court's order to show cause, stating that this case is distinguishable from the Court's prior cases because "Petitioner is mandatorily detained pursuant to 8 U.S.C. § 1231(a)(2)." ECF No. 8 at 1. Respondents argue that Petitioner became subject to a final order of removal on October 11, 2026, and was, therefore, lawfully detained to execute that order when he was arrested by ICE on October 13, 2026. *Id.* Petitioner argues that his order of removal was not final on October 13, 2026, and, therefore, there was no removal order for ICE to execute. ECF No. 9 at 5–6. He further contends that, even if the removal order is technically final now, it is inexecutable because removal is stayed while his motion to reopen is pending. *Id.* at 7–8 (citing 8 U.S.C. § 1229a(b)(5)(C)).

By only citing to § 1231(a)(2) in response to the Court's order to show cause, Respondents concede that Petitioner would be entitled to relief on his due process claim if the *in absentia* removal order were not in place. The issue then is whether there was an executable order of removal at the time of Petitioner's arrest. And, if there was not one, may ICE continue to detain Petitioner now while his motion to reopen is pending before the immigration court.

Section 1231(a) "applies to detention after the entry of a final removal order." *Avilez v. Garland*, 69 F.4th 525, 530 (9th Cir. 2023). Specifically, the statute "governs detention during a ninety-day 'removal period' after the conclusion of removal proceedings." *Id.* at 531 (citing 8 U.S.C. § 1231(a)(1)-(2)). This "removal period" begins on the latest of the following three dates: "(1) the date a noncitizen's 'order of removal becomes administratively final,' (2) the date of a court's final order, if the noncitizen's removal order is judicially reviewed and this court stays the noncitizen's removal, or (3) the date the noncitizen is released from criminal detention or confinement." *Id.* (citing 8 U.S.C. § 1231(a)(1)(B)(i)–(iii)).

Petitioner's order of removal was not final on October 13, 2026, the day he was arrested by ICE. As the Ninth Circuit has explained,

> Because in absentia removal orders may not be appealed to the BIA without first filing a motion to reopen the order before the IJ within 180 days of the order, 8 U.S.C. § 1229a(b)(5)(C)(i); *In re Guzman-Arguera*, 22 I. & N. Dec. at 723, if the petitioner does not timely file such a motion before the IJ the order becomes final at the end of the 180-day period. "[T]he period in which the alien is permitted to seek review of such order by the [BIA]" also expires at that time, *id.* § 1101(a)(47)(B)(ii), because, while the alien could have sought BIA review after first exhausting her motion to reopen before the IJ, once the petitioner fails to file a timely motion with the IJ under § 1229a(b)(5)(C)(i), the ability to ultimately appeal to the BIA expires along with the 180-day deadline to seek reopening before the IJ.

*Cui v. Garland*, 13 F.4th 991, 996 (9th Cir. 2021). This means that Petitioner had 180 days from April 16, 2026, to file his motion to reopen. The 180th day was October 13, 2026, not October 11, 2026, as Respondents maintain in their briefing. Dkt. No. 8 at 1. As Petitioner was still within the window in which he could file a motion to reopen on the day he was arrested, he was not subject to a final order of removal at that time. Accordingly, ICE was not authorized to detain Petitioner under § 1231(a)(2) when they arrested him.

And, assuming without deciding that Petitioner's removal order is final now that the 180 period has passed, due process still requires Petitioner's release. Respondents have not disputed that Petitioner has a liberty interest in his continued freedom following his grant of conditional parole by ICE. On the day of his arrest, ICE was not authorized to detain Petitioner under § 1231(a)(2), and he was entitled to notice and a pre-deprivation hearing before ICE could summarily revoke his parole. Though there is an argument that Petitioner's detention is now authorized under § 1231(a)(2) as there is arguably a final order of removal in place, Petitioner's removal is stayed by operation of the filing of his motion to reopen. *See* 8 U.S.C. § 1229a(b)(5)(C) ("The filing of the motion to reopen described in clause (i) or (ii) shall stay the removal of the alien pending disposition of the motion by the immigration judge."). As Respondents cannot remove Petitioner by operation of statute and have made no showing that revocation of Petitioner's parole was justified, Petitioner is entitled to release.

## IV. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is GRANTED. Respondents are ORDERED to immediately release Petitioner from their custody.

United States District Court
Eastern District of California

Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. The Government is permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present. This Order does not address the circumstances under which the Government may re-detain Petitioner if his order of removal becomes executable.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: November 16, 2026

Noël Wise
United States District Judge